JS-5

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02231 RGK (RZx) | Date | February 17, 2010 |
|---|---|---|---|
| Title | *SHERI H. GILBERT v. NEW LINE PRODUCTIONS, INC., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order re: Plaintiff's Motion for Reconsideration (DE 428 and 430) and Thirty-Four Defendants' Motion for Attorneys Fees (DE 426)

    Plaintiff alleges that thirty-four Defendants named in the Second Amended Complaint (collectively, "Defendants") copied her screenplay, "When Mom Is the Other Woman," and ultimately turned it into the movie "Monster in Law" ("MIL" or the "Movie"). Plaintiff wrote four different versions of her screenplay and obtained copyright registration for versions two, three, and four. Plaintiff alleges that Defendants infringe each one of her works or a combination thereof in violation of the Copyright Act of 1976, 17 U.S.C. §101, et seq. Plaintiff also claims that Defendants engaged in a pattern of racketeering activity related to copying her work and sharing the profits in violation of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962, et seq.

    On November 16, 2009, the Court granted Defendants' consolidated Motions to Dismiss. Therein, the Court found that Plaintiff could not establish copyright infringement against Defendants based on substantial similarity of the Movie and versions two, three, and four of her screenplay (the "Movie claims"). The Court also held that since Plaintiff did not obtain copyright registration for her first screenplay, she could not hold Defendants liable for its infringement. The Court then dismissed the case in its entirety.

    Before the Court is Plaintiff's Motion for Reconsideration of the November 16 Order. Plaintiff argues that 1) the Court clearly erred when it found that the Movie does not infringe, and 2) she should be able to assert infringement based on the earlier versions of the Movie's screenplay (the "screenplay claims"), even though the Court has found that the Movie does not infringe.

    The Court agrees with Plaintiff that her screenplay claims remain viable, even after the Movie has been fount not to infringe. Since Defendants' Motion to Dismiss focused on substantial similarity between the Movie and Plaintiff's works, and since Plaintiff failed to bring attention to her independent screenplay claims in the Opposition to Motion to Dismiss, the Court did not address the screenplay claims. Nonetheless, the screenplay claims are part of the Second Amended Complaint and legally

viable. *See* (Sec. Am. Compl. ¶¶ 86, 117, 127-28, 151, 178-79, 181.); *Walt Disney Prod.'s v. Filmation Assoc.*, 628 F.Supp. 871, 876-77 (C.D. Cal. 1986)(finding that unpublished screenplays and other articles created in the production of a movie can give rise to copyright infringement)(citations omitted). Therefore, the Court **GRANTS in part** Plaintiff's Motion for Reconsideration and re-opens the case. The Court notes, however, that this ruling does not concern the merits of the screenplay claims. It merely allows Plaintiff to litigate the screenplay claims as separate and independent allegations of infringement against Defendants.[1]

As to the remaining arguments in Plaintiff's Motion for Reconsideration, they are improper attempts to re-argue matters that the Court has already decided. Therefore, the Court need not address those issue here. The Court does note three points for clarification, however.

First, Plaintiff seems to argue that similarities between the earlier versions of the Movie's screenplay can establish that the Movie itself infringes Plaintiff's works. This Court already rejected that argument, as the Ninth Circuit has squarely held that earlier drafts of defendant's work are irrelevant for the purpose of establishing similarity between the plaintiff's work and the later drafts of the defendant's work. *See v. Durang*, 711 F.2d 142 (9th Cir. 1983). *Durang* held that the plaintiff is not entitled to discover evidence of "early drafts of defendant's play on the theory they might reflect copying from plaintiff's play that was disguised or deleted in later drafts. Copying deleted or so disguised as to be unrecognizable is not copying." *Id.* Therefore, even though Plaintiff's screenplay claims remain viable, they cannot affect the Court's ruling with respect to the Movie itself.[2]

Second, Plaintiff asserts that the Court has "admitted" 140 similarities between the Movie and her works. That is not so. In footnote 1 and 2 of the November 16 Order, the Court listed many of the alleged similarities and rejected Plaintiff's comparisons of the works. (Nov. 16 Order, footnotes 1 and 2). The Court also noted that "the alleged similarities, to the extent that they are in fact similarities, flow naturally from the story of a clash between an interfering mother in law and the future bride–a story that has been told for generations." *Id.* at 5. The Court also noted that this case is not one where abundance of generic similarities raises suspicion of copyright infringement. (Nov. 16 Order, note 3.) Plaintiff's assertion that the Court admitted 140 similarities between the two works, therefore, is unfounded.

Finally, Plaintiff argues that the Court should not have applied the extrinsic substantial similarity test at the motion to dismiss stage. Plaintiff did not take this position in her Opposition to the Motion to Dismiss. Nonetheless, Plaintiff correctly states that determination of substantial similarity often requires expert testimony and detailed analysis of the facts. *See, e.g., Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2004)("The extrinsic test often requires analytical dissection of a work and expert testimony."). Plaintiff also correctly states that where access to the plaintiff's work is undisputed, a lesser degree of similarity is required to satisfy the substantial similarity test. *See id.* But it does not follow that the Court should always allow discovery in copyright infringement cases–no matter how dissimilar (and unsubstantially similar) the parties' works–simply because the case is at the motion to dismiss stage or because access is not at issue. "[W]hen the copyrighted work and the alleged

---

[1] The November 16, 2009 Order also dismissed Plaintiff's RICO claims against Defendants, since the RICO claims arose out of the alleged copyright infringement of Plaintiff's work. Pursuant to this Order, however, the Court also notes that Plaintiff may assert her RICO claims against Defendants, to the extent that she believes to have any legally and factually viable RICO claim against Defendants in connection to her screenplay claims.

[2] Of course, the earlier drafts may be relevant to establish access to the plaintiff's work, *see, e.g., Miller v. Universal City Studios, Inc.*, 650 F.2d 1365 (5th Cir. 1981), but access was not at issue on the motion to dismiss.

infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945). And no amount of access can make two dissimilar works substantially similar. In close cases, this Court would be inclined to allow the matter to proceed to summary judgment or trial to ensure that the parties' arguments are not shortchanged. The issue of substantial similarity between Plaintiff's works and the Movie, however, is not a close one. After carefully examining the Movie and Plaintiff's works, the Court has found that Plaintiff will not be able to establish substantial similarity in his Movie claims, even if she could establish that Defendants had access to his work.

For the reasons stated above, Plaintiff's Motion for Reconsideration is **GRANTED in part** with respect to Plaintiff's screenplay claims and **DENIED in part** with respect to the Movie claims. Accordingly, the Court **DENIES as not ripe and without prejudice** thirty-four Defendants' Motion for Attorneys Fees.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |