WHITE O'CONNOR FINK & BRENNER LLP
　Lee S. Brenner (STATE BAR NO. 180235)
　Allison S. Brehm (STATE BAR NO. 224029)
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
lbrenner@whiteo.com
abrehm@whiteo.com

Attorneys for Thirty-Four Defendants

SINGER & GARTEISER
　Randall T. Garteiser (SBN 231821)
1766 Union Street
San Francisco, California 94123
Telephone: (415) 655-9785
Facsimile: (415) 655-9785
randall@sftrialattorneys.com

Attorneys for Plaintiff Sheri H. Gilbert

NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Sheri H. Gilbert, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW LINE PRODUCTIONS, INC., a California Corporation; NEW LINE HOME ENTERTAINMENT, INC., a New York Corporation; NEW LINE INTERNATIONAL RELEASING, INC., a California Corporation; NEW LINE TELEVISION, INC., a California Corporation; NEW LINE CINEMA CORPORATION, a Delaware Corporation; TURNER BROADCASTING SYSTEM, INC., a Georgia Corporation; WARNER HOME VIDEO INC., a Delaware Corporation; WARNER BROS. HOME ENTERTAINMENT, INC., a Delaware Corporation, formerly d/b/a Warner Home Video, Inc.; WARNER BROS. ENTERTAINMENT INC., a Delaware Corporation; WARNER COMMUNICATIONS INC., a Delaware Corporation; TIME WARNER, INC., a Delaware Corporation; BENDER-SPINK, INC., a | CASE NO. 2:09-cv-02231 RGK (RZ)<br>(The Honorable R. Gary Klausner)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>[Fed. R. Civ. P. 26(c); L.R. 7-1]<br><br>The Honorable Ralph Zarefsky<br><br>(U.S. Magistrate Judge)<br><br>Date Discovery<br>Re-Opened:　　　April 5, 2010<br><br>Trial Date:　　　September 7, 2010 |

California Corporation; CHRIS BENDER, individually and as an agent of Bender-Spink, Inc.; J.C. SPINK, individually and as an agent of Bender-Spink, Inc.; SPRING CREEK PRODUCTIONS, INC., a California Corporation; PAULA WEINSTEIN, individually and as an agent of Spring Creek Productions, Inc.; AVERY PIX, INC., a California Corporation; AVERY PRODUCTIONS, INC., a California Corporation; KUMAR MOBILIENGESELLSCHAFT MBH & CO. PROJEKT NR. 1 KG, a German Company; MICHAEL FLYNN; NUYORICAN PRODUCTIONS, INC., a California Corporation; JULIO CARO; ROBERT LUKETIC; FIRECRACKER PRODUCTIONS, INC., a California Corporation; ANYA KOCHOFF, a/k/a Anya Kochoff Romano, f/k/a Anya Kochoff Landes, individually and as an agent of Firecracker Productions, Inc.; WRITTEN IN STONE, INC., a California Corporation; RICHARD LAGRAVENESE, individually and as an agent of Written in Stone, Inc.; JANE FONDA; JENNIFER LOPEZ, individually and as an agent of Nuyorican Productions, Inc.; MICHAEL VARTAN; WANDA SYKES; MIGUEL A. NUNEZ, JR.; VILLAGE ROADSHOW PICTURES ENTERTAINMENT INC., a Delaware Corporation; VILLAGE ROADSHOW, LTD, an Australian Corporation; SANTA FE PRODUCTIONS NV, a Belgian Public Limited Liability Company, d/b/a Paradiso Entertainment; PARADISO ENTERTAINMENT NEDERLANDS BV, a Dutch Private Limited Company; PARADISO HOME ENTERTAINMENT, a Dutch Company; ENTERTAINMENT FILM DISTRIBUTORS LTD, a British Corporation; METROPOLITAN FILMEXPORT, a French Corporation; CW MEDIA, INC., a Canadian Corporation, f/k/a Alliance Atlantis Communications Inc., d/b/a Motion Picture Distribution LP; CW MEDIA SALES INC./CW VENTES MEDIA INC., a Canadian Corporation;

| | |
|---|---|
| 1 | CANWEST GLOBAL COMMUNICATIONS CORP., a Canadian Corporation; ALLIANCE FILMS, INC., a Canadian Corporation, f/k/a Alliance Atlantis Communications Inc., d/b/a Motion Picture Distribution LP; YLEISRADIO OY, a/k/a YLE, a Finnish Company; FS FILM OY, a Finnish Company; DISTRIBUTION COMPANY, S.A., an Argentinean Company; THE ENDEAVOR AGENCY, LLC, a Delaware Limited Liability Company; ADRIANA ALBERGHETTI, individually and as an agent of the Endeavor Agency, LLC; THE INDEPENDENT FEATURE PROJECT, INC., a New York Corporation; FILM INDEPENDENT, INC., a California Corporation, f/k/a Independent Feature Project/West; and DOES 1 through 10, inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Defendants. |

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

253426.2.doc53426.1.doc

PROTECTIVE ORDER

# PROTECTIVE ORDER

Plaintiff Sheri H. Gilbert ("Plaintiff") and the Thirty-Four Defendants[1] (collectively, the "Parties"), through their counsel of record, hereby stipulate to and jointly request that the Court enter a Protective Order as follows:

A.  <u>Confidential Information.</u>  Writings (as that term is defined in Rule 1001 of the Federal Rules of Evidence) produced in discovery by any party to this litigation, and/or by third parties in response to document or deposition subpoenas, may be designated in whole or in part by any party or third party as "CONFIDENTIAL," pursuant to this Protective Order if such writings contain the information listed in paragraph B below, ~~trade secret information, personal financial information, personal address or telephone information, or other information over which the producing party has a reasonable expectation of privacy, secrecy or confidentiality,~~ provided that any third party making such designation agrees to be bound by the terms of this Protective Order.  Additionally, any party or third party witness may, for the same reasons, designate deposition testimony as "CONFIDENTIAL" stating on the record that a deposition or portion thereof shall be treated as confidential, or may make such designation sometime thereafter, provided that any third party making such designation agrees to be bound by the

---

[1] The Thirty-Four Defendants are: Adriana Alberghetti; Avery Pix, Inc.; Chris Bender; Bender-Spink, Inc.; CW Media Inc.; Julio Caro; Distribution Company Argentina, S.A.; Firecracker Productions, Inc.; Michael Flynn; Jane Fonda; Anya Kochoff; Kumar Mobiliengesellschaft mbH & Co. PROJEKT NR. 1 KG; Richard Lagravenese; Jennifer Lopez; Robert Luketic; New Line Cinema Corporation; New Line Home Entertainment, Inc.; New Line International Releasing, Inc.; New Line Productions, Inc.; New Line Television, Inc.; Nuyorican Productions, Inc.; J.C. Spink; Spring Creek Productions, Inc.; Wanda Sykes; The Endeavor Agency, LLC; Time Warner Inc.; Turner Broadcasting System, Inc.; Michael Vartan; Warner Bros. Entertainment Inc.; Warner Bros. Home Entertainment Inc.; Warner Communications Inc.; Warner Home Video Inc.; Paula Weinstein; and Written In Stone, Inc.

terms of this Protective Order. Writings designated as "CONFIDENTIAL" and/or testimony designated as "CONFIDENTIAL," and all information derived therefrom, shall be treated as "Confidential Information" pursuant to the provisions set forth below, for the purposes of discovery and the filing of non-dispositive and case-dispositive motions.

B. <u>Subject Matter of Confidential Information.</u> "Confidential Information" includes the following two (2) categories of information : (1) information identified as private, such as social security numbers, financial account numbers, home addresses, and materials regarding the private family matters of one of the writers of *Monster-in-Law* (such as the circumstances of her divorce); and (2) non-public, commercially sensitive and confidential contracts for the movie *Monster-in-Law* because such contracts contain private and competitive salary information, tax identification numbers and social security numbers. As for the second category identified, such documents may be marked "CONFIDENTIAL" if the marking or requesting party reasonably believes: (1) the information contains confidential proprietary information; or (2) disclosure of such commercially sensitive information could reasonably harm competitive advantage, or foster a competitive disadvantage; or (3) the disclosure of such confidential information could impair or disrupt future or current business relationships.

C. <u>Designation of Confidential Information.</u> All copies and each page of writings or deposition testimony containing Confidential Information must be marked "CONFIDENTIAL."

1. If a party wishes to designate testimony or an exhibit as "CONFIDENTIAL" during the course of a deposition in this action, it shall do so by stating such designation on the record.

2. The "CONFIDENTIAL" designation shall constitute a representation by counsel for the party or third party making the designation that the designated writings or deposition testimony constitute Confidential Information as

set forth in paragraphs A and B of this Protective Order.

3. A party or third party that inadvertently fails to mark an item as "CONFIDENTIAL" shall have ten (10) days after the discovery of the inadvertent production to so mark the item, except that with respect to all items produced but not publicly filed prior to the entry of this Protective Order, such items may be designated as "CONFIDENTIAL" within fifteen (15) days of the entry of the Protective Order and from such time will be treated as Confidential Information pursuant to this Protective Order. Such designation and notice thereof shall be made in writing, accompanied by substitute copies of any documents marked as "CONFIDENTIAL."

D. <u>Objection to Designation of Confidential Information.</u> If any party objects to the designation of any writing or deposition testimony as Confidential Information, and the objection cannot be resolved by agreement of counsel, the writing or deposition testimony shall be treated as Confidential Information and subject to this Protective order, unless otherwise ordered by the Court upon motion made by the objecting party pursuant to the applicable rules of procedure. The party designating writings or deposition testimony as Confidential Information shall bear that burden of proof on any such motion.

E. <u>Disclosure of Confidential Information.</u> Subject to the further conditions imposed by this Protective Order, Confidential Information may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons and only for the purposes of and as is necessary for this litigation and shall not be used for any other purpose whatsoever:

1. The Parties, and each of his or her or its agents and employees.

2. Counsel for the parties and their support employees, all of whom shall be deemed bound by the terms of this Protective Order upon counsel's signature.

     3.     A court reporter transcribing any proceeding in this action and that person's support employees.

     4.     The Court and its support employees.

     5.     Consulting experts or expert witnesses who agree to be bound by the terms of this Protective Order, and the expert's support employees, who shall be deemed bound by the terms of this Protective Order upon their employer's signature.

     6.     Witnesses or potential witnesses related to this action in proceedings before this Court, including depositions, provided, however, such witnesses may not be given a copy of any Confidential Information and may only be shown Confidential Information. Confidential Information may be attached as a deposition exhibit provided that no witness retains a copy of a deposition transcript that includes Confidential Information.

     7.     Mock juries.

     8.     A mediator, abritrator, or other settlement officer who renders service in this action, and that persons' support employees.

     9.     Such other persons as the Parties may agree or the Court may order.

     F.     <u>Acknowledgement Regarding Confidential Information.</u> Prior to the disclosure of any Confidential Information to any individual described in paragraphs E(5)-(9), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide a copy of this Protective Order, and shall cause the individual to execute, on a second copy which counsel shall thereafter retain, the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing Protective Order. I have read the Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information."

Dated:        /s/

G.    <u>Return of Confidential Information.</u>  Upon the termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the producing party, except that counsel shall be entitled to retain one copy of all documents produced, copies of all pleadings, briefs, declarations or other papers filed with the Court, all material which constitutes work product and such memoranda embodying Confidential Information to the extent necessary to preserve a file in this matter, so long as such materials are maintained in accordance with the provisions hereof, during and after the pendency of this litigation.  All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned as set forth above.

H.    <u>Subpoena or Request for Confidential Information.</u>  If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to opposing counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order so as to afford opposing counsel an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information.

I.    <u>Submission of Confidential Information to the Court.</u>  To the extent the submission of Confidential Information to the Court is necessary, the Parties shall proceed according to the procedures set forth in Local Rule 79-5 of United States District Court for the Central District.  Consistent with Local Rule 79-5, the party seeking to submit the Confidential Information shall submit an application, a proposed order, and the Confidential Information for filing under seal, and may file the Confidential Information under seal only if the Court so orders.

J.    <u>Limitations of Protective Order.</u>  Notwithstanding any other provision

herein, and without prejudice to the right of any person to seek any additional protective order or modification of this Protective Order, this Protective Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of any Confidential Information; (2) a waiver of any objection to the production or use of any Confidential Information on grounds of privacy, relevance, confidentiality, privilege, undue burden, authenticity, foundation, admissibility or otherwise; (3) a ruling requiring the production of any Confidential Information; (4) a limitation on the right of any party to disclose Confidential Information to any person who authored the Confidential Information.

K. <u>Additional Protective Order(s).</u> This Protective Order shall be without prejudice to the right of the parties to this litigation to present a motion to the Court for a separate protective order or for modification of this Protective Order pursuant to the applicable rules of procedure.

DATED: June 3, 2010                     WHITE O'CONNOR FINK & BRENNER LLP
                                        Lee S. Brenner
                                        Allison S. Brehm
                                        By /s/ Allison S. Brehm
                                        _____
                                            Allison S. Brehm
                                        Attorneys for Thirty-Four Defendants

DATED: June 3, 2010                     SINGER & GARTEISER
                                        Randall T. Gareiser
                                        By /s/ Randall T. Garteiser
                                        _____
                                            Randall T. Garteiser
                                        Attorneys for Plaintiff Sheri H. Gilbert

**SO ORDERED, with the additional caveat that this Order shall not govern the use of materials either in connection with dispositive motions or at trial. If the parties desire additional protection at those times, they must apply separately to the judicial officer who will preside over those proceedings.**

1 | DATED: June 03, 2010

_____
Ralph Zarefsky
U.S. Magistrate Judge

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

253426.2.doc53426.1.doc

7

PROTECTIVE ORDER