UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02231-RGK (RZx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | GILBERT v. NEW LINE PRODUCTIONS, INC., et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS)** Order Re Defendants' Motion for Attorneys' Fees and Costs (DE 635)

## I.     INTRODUCTION

Sheri Gilbert ("Plaintiff") alleged that thirty-four Defendants named in the Second Amended Complaint (collectively, "Defendants") copied her screenplay, "When Mom Is the Other Woman," and ultimately turned it into the movie "Monster in Law" ("MIL" or the "Movie"). Plaintiff wrote four different versions of her screenplay and obtained copyright registration for versions two, three, and four. Plaintiff alleged that the Movie and its draft screenplays infringed her works in violation of the Copyright Act of 1976. 17 U.S.C. § 101, et seq. Plaintiff also claimed that Defendants engaged in a pattern of racketeering activity to copy her work and share the profits in violation of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962, et seq.

On August 13, 2010, the Court granted Defendants' Motion for Summary Judgment. Presently before the Court is Defendants' Motion for Attorneys' Fees and Costs pursuant to 17 U.S.C. § 505 ("Section 505") and Federal Rule of Civil Procedure 54. For the following reasons, the Court **GRANTS** Defendants' Motion.

## II.     JUDICIAL STANDARD

The Copyright Act of 1976 permits a court to "award a reasonable attorneys' fee to the prevailing party." 17 U.S.C. § 505. Attorneys' fees are proper when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). In determining whether a party is entitled to attorneys' fees, courts must apply the same standard to prevailing plaintiffs and defendants. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "[A]n award of attorneys' fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts." *Fantasy,* 94 F.3d at 555.

## III.   DISCUSSION

Defendants contend that as the prevailing parties, they are entitled to attorneys' fees and costs pursuant to Section 505. The Court agrees.[1]

### A.   Defendants Are the Prevailing Party

A prevailing party is "one who has been awarded some relief by [a] court. . . ." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001). On August 13, 2010, the Court granted Defendants' Motion for Summary Judgment. Therefore, Defendants are the prevailing parties for purposes of awarding attorneys' fees and costs. At issue is whether the relevant facts support an award of attorneys' fees.

### B.   The Facts Weigh In Favor of Awarding Attorneys' Fees and Costs

A court should consider the following factors in deciding whether to award a prevailing defendant attorneys' fees: (1) defendant's degree of success obtained on the claim, (2) the frivolousness of plaintiff's claim, (3) the objective reasonableness of plaintiff's factual and legal arguments, (4) plaintiff's motivation in bringing the lawsuit, and (5) the need for compensation and deterrence. *Fantasy,* 94 F.3d at 558.

The Court addresses each of these factors separately below.

#### 1.   *Degree of Success*

Defendants argue that this factor favors an award of attorneys' fees because the Court determined that Plaintiff's copyright infringement claims were without merit. The Court agrees.

A party's degree of success in a lawsuit should be considered in determining whether to award attorneys' fees. *See Fantasy*, 94 F.3d at 556. This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense. *See id*. Here, Defendants prevailed on Plaintiff's copyright claims on two occasions: (1) on November 16, 2009, the Court granted Defendants' Motion to Dismiss; and (2) on August 13, 2010, the Court granted Defendants' Motion for Summary Judgment. On both occasions, the Court reached the merits of the claims, concluding that there was an absence of substantial similarity between Plaintiff's work and MIL under the extrinsic test. Therefore, Defendants achieved complete success in pursuing their copyright defense.

Accordingly, this factor weighs heavily in favor of awarding attorneys' fees to Defendants.

#### 2.   *Frivolousness*

A frivolous claim is one which lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992). Defendants contend that this factor favors an award of attorneys' fees because the Court found that Plaintiff's claims fell far short of establishing that there was

---

[1]As an initial matter, the Court finds that Defendants have timely filed their Motion for Attorneys' Fees and Costs. Plaintiff argues in her Opposition that Defendants' motion was untimely because it was not filed 14 days after entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i); (Pl.'s Opp'n 5:12-7:2). However, Federal Rule of Civil Procedure 54 is satisfied because Defendants' Motion was filed on October 7, 2010, exactly 14 days after judgment was entered on September 23, 2010.

substantial similarity between Plaintiff's work and MIL. The Court agrees.

To successfully establish a copyright infringement claim, a plaintiff has to demonstrate (1) plaintiff's ownership of the copyright, (2) the defendant's access to plaintiff's work, and (3) substantial similarity between plaintiff's work and the allegedly infringing material. *Berkic v. Crichton*, 761 F.2d 1289, 1291-92 (9th Cir. 1985). Only the third issue was contested, and the Court held on multiple occasions that Plaintiff failed to prove that MIL was substantially similar to Plaintiff's work as a matter of law.

On November 16, 2009, the Court granted Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) after determining that Plaintiff would not be able to establish that her work was substantially similar to MIL. The Court found that although there were some "generic similarities" between Plaintiff's work and MIL, they paled "in comparison to vast differences in characters, plot, mood, and themes between the two works." (Order Granting Defs.' Mot. to Dismiss at 4.) In addition, the Court held that the "issue of substantial similarity between Plaintiff's works and [MIL] . . . is not a close one." (Order Granting Pl.'s Mot. for Recons. at 3.)

On August 13, 2010, the Court granted Defendants' Motion for Summary Judgment and held that Plaintiff's draft screenplays and MIL were not substantially similar. The Court alluded to the frivolousness of Plaintiff's claims by noting that "Plaintiff attempt[ed] to manufacture substantial similarities between the parties' works by mixing and matching various elements that exist in different screenplays without attention to their origin or context." (Order Granting Defs.' Mot. for Summ. J. at 3.) The Court also denied Plaintiff's Motion for Leave to Appeal in *Forma Pauperis* because it was "not taken in good faith," was "frivolous," and did not "present a substantial question." (Order Den. Pl.'s Mot. for Leave to Appeal.) This Court has continually held that the argument that MIL and Plaintiff's work are substantially similar is without any legal basis.

Plaintiff contends that the lawsuit was not frivolous because the Court granted her Motion for Reconsideration of the Order granting Defendants' Motion to Dismiss. The Motion for Reconsideration allowed Plaintiff to assert copyright infringement claims based on earlier versions of MIL's screenplay (the "screenplay claims"). Plaintiff argues that this ruling demonstrates that the claim was not frivolous because the Court acknowledged that her screenplay claims were "viable." However, the Court granted Plaintiff's Motion for Reconsideration because Plaintiff failed to address the screenplay claims in her Opposition to the Motion to Dismiss. Moreover, the Court expressly stated that its "ruling d[id] not concern the merits of the screenplay claims . . . [i]t merely allow[ed] Plaintiff to litigate the screenplay claims as separate and independent allegations of infringement against Defendants." (Order Granting Pl.'s Mot. for Recons. at 2.) Therefore, the Order granting Plaintiff's Motion for Reconsideration should not be interpreted as an acknowledgment of the substantive strength of the screenplay claims. Rather, it was a ruling premised on procedural viability. Furthermore, the Court ultimately rejected the screenplay claims on the merits.

Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendant.

### 3.   *Objective Reasonableness of Factual and Legal Issues*

This factor requires a court to consider the objective reasonableness of a party's claims, "both in the factual and in the legal components of the case." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007). Defendants argue that Plaintiff's case was objectively unreasonable because the Complaint only alleged generic similarities between Plaintiff's work and MIL. The Court agrees.

This factor weighs in favor of awarding attorneys' fees for the same reasons discussed in the "frivolousness" section above. The Court continually held that the argument that MIL was substantially

similar to Plaintiff's work was without merit. Plaintiff was only able to point to some generic similarities between the two works that were not protected under copyright law. As a result, the Court finds that Plaintiff's claims against Defendants were objectively unreasonable.

Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendant.

### 4.    *Motivation*

Defendants argue that this factor favors an award of attorneys' fees because the Plaintiff's litigation strategy demonstrates that she had an improper motive—to make the litigation as expensive as possible. Defendants contend that Plaintiff employed dilatory tactics, such as repeatedly amending her pleading to avoid a substantive ruling, and including multiple defendants in the lawsuit without justification. The Court agrees.

Courts generally hold that a finding of bad faith can be based on "not only the actions that led to lawsuit, but also [] the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15 (1973). A finding of bad faith or improper motive is not a prerequisite to an award of attorneys' fees, but a court "may be influenced by the plaintiff's culpability in bringing or pursuing the action. . . ." *Fantasy, Inc.*, 94 F.3d at 558.

Here, it is clear that Plaintiff engaged in a concerted effort to make the present lawsuit as expensive as possible for Defendants. Plaintiff initially filed suit without reading MIL's screenplay, and named fifty defendants in the action. Some of these defendants had little or no connection to the preparation of MIL's draft screenplays relevant for possible copyright infringement liability. Plaintiff also continually amended her Complaint to avoid a substantive ruling on Defendants' multiple Motions to Dismiss. Between 2008 and 2009, Defendants filed two Motions to Dismiss which were rendered moot after Plaintiff filed amended complaints. Plaintiff's amendments failed to add material allegations, new claims, or clarifications. Plaintiff also filed an Ex Parte Application to Amend the Complaint for a third time in order to avoid a substantive ruling on Defendants' Motion for Judgment on the Pleadings. The Court denied Plaintiff's Ex Parte Application after finding that it "would only serve to delay the case . . ." (Order Granting Defs.' Mot. for J. on the Pleadings at 2). Thus, Plaintiff's tactical decisions served to maximize the cost of the lawsuit.

Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendant.

### 5.    *The Need for Compensation and Deterrence*

Defendants argue that this factor favors an award of attorneys' fees because Plaintiff should be deterred from advancing meritless claims in the future. Plaintiff contends that the lawsuit was not baseless or motivated by bad faith.

On balance, this factor weighs in favor of granting Defendants attorneys' fees. An award of attorneys' fees should "advance considerations of compensation and deterrence." *See Fantasy*, 94 F.3d at 557. Here, the Court determined that Plaintiff's lawsuit was objectively unreasonable and motivated by bad faith. A fee award is justified in order to deter Plaintiff, and those similarly situated, from prosecuting meritless claims for copyright infringement.

Accordingly, this factor weighs in favor of awarding attorneys' fees to Defendant.

6.     *Weighing the Factors*

After consideration of the factors set out in *Fogerty*, the Court finds that each one supports a fee award. Therefore, Defendants are entitled to an award of attorneys' fees and costs.

## C.     **Defendants' Request for Attorneys' Fees and Costs are Reasonable**

Having determined that Defendants are entitled to attorneys' fees and costs for defense of the copyright claims, the only remaining issues for the Court to determine are whether Defendants can receive fees and costs incurred defending other claims, and whether the $894,953 in fees and costs requested by Defendants is reasonable.

### 1.     *Plaintiff's Derivative Claims*

A prevailing party under Section 505 may receive attorneys' fees incurred in defending a copyright claim and any other "related claims." *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997). Claims are related if they "involve a common core of facts or are based on related legal theories." *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005). Here, Plaintiff's claims for violations of the RICO Act, violation of the Lanham Act, and unfair competition under North Carolina and California law are entirely dependent upon the copyright infringement claims. In each case, the allegation of copyright infringement constitutes an element of each derivative claim. Therefore, Defendants are entitled to attorneys' fees incurred in the defense of these claims because they are sufficiently related to the copyright infringement claims.

### 2.     *Attorneys' Fees*

The amount of an attorneys' fees award must be reasonable. 17 U.S.C. § 505. The reasonableness of a party's fee calculation is determined by the "lodestar method." *Morales v. San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Under the lodestar method, the number of hours reasonably expended in litigation are multiplied by a reasonable hourly rate to produce the reasonable fee award. *Id.* The Court may then consider whether to enhance or reduce the lodestar figure based on twelve factors: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1995); *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

Upon careful review of the billing statements provided by Defendants' counsel, the Court finds that the number of hours expended on the litigation, the hourly rate, and the requested fees are all reasonable.

The Court finds that the amount of time spent litigating the case — a total of 3,278.8 hours — to be reasonable. The parties conducted discovery and researched and prepared two motions to dismiss, a motion for judgment on the pleadings, and a motion for summary judgment. The litigation spanned two years and resulted in 649 docket entries. Moreover, Defendants do not seek to recover fees for 800 hours

they spent working on this case.[2]

The Court also finds the hourly rates charged by counsel to be reasonable. Defendants' Declaration in Support of the Motion for Attorneys' Fees sets forth the following: Mr. O'Connor billed 120.2 hours at a rate of $450 an hour; Mr. Brenner billed 1,236.5 hours at a rate of $300 an hour; Ms. Brehm billed 941.5 hours at a rate of $225 and $240 an hour; Ms. Kameda billed 633.7 hours at a rate of $185 an hour; Ms. Kambestad billed 288.9 hours at a rate of $110 an hour; and Mr. Mina billed 58 hours at a rate of $110 an hour. (Decl. in Supp. of Defs.' Mot. for Att'ys Fees 12:10-15.) These rates are comparable with other firms in Los Angeles. (*Id.*) Therefore, the Court finds that Defendants' rates are reasonable.

Plaintiff argues that the Court should deny or reduce the fees requested by Defendants because they are unreasonable. Plaintiff specifically points to the first *Kerr* factor, time and labor spent on the case, and contends that Defendants spent a significant amount of time working on motions that merely recycled arguments, engaged in excessive staffing, and filed 36 documents in connection with Defendants' Motion for Summary Judgment. (Pl.'s Opp'n to Defs.' Mot. for Att'ys Fees & Costs at 15:22-23-16:1-16.) Considering Plaintiff's vexatious litigation strategy, however, the time Defendants spent on the case is fair and reasonable. Defendants have submitted time records specifying the date, the hours expended, and the nature of the work done by each attorney. No competent evidence supports Plaintiff's claim that Defendants spent undue time writing motions or engaged in excessive staffing. Thus, the Court finds that the lodestar figure should not be reduced on account of the time Defendants spent on the case.

Finally, Plaintiff attempts to argue that Defendants' Motion is suspect because it requests $10,000 less than Defendants' previous Motion for Attorneys' Fees and Costs filed on December 9, 2009. (*Id.* at 13:17-25.) However, Defendants have indicated in their Motion that they only seek a portion of the fees incurred in defense of the lawsuit. (Defs.' Mot. for Att'ys Fees & Costs 19:9-16.) This Court will not reduce or deny an award of attorneys' fees based on vague allegations of wrongdoing.

Accordingly, the Court finds that Defendants are entitled to $801,130[3] in attorneys' fees.

### 3.   *Costs*

Section 505 allows the Court in its discretion to award "full costs." 17 U.S.C. § 505.  Here, Defendants seek $14,571 in non-taxable costs for legal research and mailing. (Decl. in Supp. of Defs.' Mot. for Att'ys Fees 15:4-12.) Plaintiff argues that the Court should reduce Defendants' costs because they are excessive. (Pl.'s Opp'n to Defs.' Mot. for Att'ys Fees & Costs 16:18-28.) However, the Court finds that Defendants' requested $14,571 in costs is reasonable given that the present case was litigated over two years and involved 649 docket entries.

## III.   **CONCLUSION**

---

[2] Defendants contend that they devoted over 4,000 hours to the defense of the lawsuit, which would have resulted in fees in excess of $1,000,000. (Defs.' Mot. for Att'ys Fees and Costs 19:9-12.)

[3] Defendants state that Lee Brenner worked 1236.5 hours on the case at a rate of $300 an hour, totaling $370,920. (Decl. in Supp. of Defs.' Mot. for Att'ys Fees 13:4-5.) However, Mr. Brenner's time multiplied by his hourly rate equals $370,950. The Court adjusted the final figure accordingly.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Attorneys' Fees and Costs pursuant to 17 U.S.C. § 505. The Court awards Defendants attorneys' fees and costs in the amount of $894,983.

**IT IS SO ORDERED.**

Initials of Preparer     slw