UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02231-RGK (RZ) | Date | February 20, 2013 |
|---|---|---|---|
| Title | *Gilbert v. New Line Prods., Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Reconsideration of Defendants' Motion for Attorneys' Fees as to Defendants' North Carolina Counsel (DE 670/671)

**I.   INTRODUCTION & FACTUAL BACKGROUND**

On May 13, 2008, Sheri Gilbert ("Plaintiff") filed a Complaint against fifty defendants in the Eastern District of North Carolina. On March 31, 2009, the North Carolina court transferred the case to this Court. (DE 263.) On August 21, 2009, Plaintiff filed a Second Amended Complaint, alleging that the remaining defendants (collectively, "Defendants") copied her screenplay, "When Mom Is the Other Woman," and ultimately turned it into the movie "Monster in Law" (the "Movie"). Plaintiff wrote four different versions of her screenplay and obtained copyright registration for versions two, three, and four. Plaintiff alleged that the Movie and its draft screenplays infringed her works in violation of the Copyright Act of 1976. 17 U.S.C. § 101, et seq. Plaintiff also claimed that Defendants engaged in a pattern of racketeering activity to copy her work and share the profits in violation of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962, et seq.

On August 13, 2010, the Court granted Defendants' Motion for Summary Judgment. (DE 624.) On December 6, 2010, it also granted Defendants' Motion for Attorneys' Fees ("Dec. 6 Order"). (DE 650.) Shortly thereafter, Plaintiff filed an appeal. (DE 654.) On September 13, 2012, the Ninth Circuit affirmed the Court's orders, including the decision to award attorneys' fees and costs. However, it remanded *in part* the Dec. 6 Order awarding attorneys' fees to reconsider the specific amount awarded to Defendants' North Carolina counsel. (DE 670.)

In its Dec. 6 Order, the Court made specific findings as to the award of costs in the amount of $14,571, and attorneys' fees for Defendants' California counsel in the amount of $801,130. This amount totaled $815,701; however, the Court entered a final award of $894,983. (DE 650.) The discrepancy in the award amount is due to the omission of Defendants' North Carolina counsel attorneys' fees in the amount of $79,282. The Ninth Circuit affirmed the award for costs and the California counsel attorneys' fees. Thus, the only issue before the Court is the $79,282 in attorneys' fees incurred with respect to services provided by Defendants' North Carolina counsel–Brooks, Pierce, McLendon, Humphrey &

Leonard, LLP ("Brooks LLP" or the "firm").

Presently before the Court is the reconsideration of Defendants' Motion for Attorneys' Fees. Plaintiff and Defendants have filed supplemental briefings addressing this matter. (DE 671, 674, and 680.) For the following reasons, the Court **GRANTS** Defendants' Motion for Attorneys' Fees with respect to services provided by Defendants' North Carolina counsel, Brooks LLP, in the amount of $79,282.

## II.     JUDICIAL STANDARD

The Copyright Act of 1976 permits a court to "award a reasonable attorneys' fee to the prevailing party." 17 U.S.C. § 505. Attorneys' fees are proper when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). In determining whether a party is entitled to attorneys' fees, courts must apply the same standard to prevailing plaintiffs and defendants. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "[A]n award of attorneys' fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts." *Fantasy,* 94 F.3d at 555.

## III.    DISCUSSION

Defendants contend that they are entitled to $79,282 in attorneys' fees incurred for services of Brooks LLP. The Court agrees.

The amount of an attorneys' fees award must be reasonable. 17 U.S.C. § 505. The reasonableness of a party's fee calculation is determined by the "lodestar method." *Morales v. San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Under the lodestar method, the number of hours reasonably expended in litigation are multiplied by a reasonable hourly rate to produce the reasonable fee award. *Id*. The Court may then consider whether to enhance or reduce the lodestar figure based on various factors. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1995); *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

Defendants assert that they actually incurred over $83,000 in attorneys' fees for Brooks LLP's services, but seek only to recover fees in the amount of $79,282. (DE 674, 5.) Upon careful review of the invoices provided by Defendants, the Court finds that the number of hours expended on the litigation, the hourly rate, and the requested fees by Brooks LLP are all reasonable.

The Court finds that the amount of time Brooks LLP spent litigating the case — a total of approximately 290 hours — to be reasonable.[1] (DE 636, Ex. 6.) Plaintiff initially filed the Complaint in the Eastern District of North Carolina on May 13, 2008. At the time, Defendants retained Brooks LLP as local counsel, in addition to their California counsel. From the lawsuit's inception to shortly after the case was transferred to the Court, a period of almost a year, Defendants relied heavily on Brooks LLP's services given the North Carolina venue. In support of the requested fees, Defendants submitted seventy-pages of invoices from Brooks LLP and a declaration from the firm's lead partner on the case. (DE 636, Ex. 6; DE 674, Decl. of J. Williams 1-2.) According to the information provided, Brooks LLP researched and prepared two motions to dismiss and a motion to transfer; worked with Defendants'

---

[1] Defendants allege that Brooks LLP spent over 300 hours litigation this action; however, Defendants did not provide a summary of hours expended by each Brooks LLP attorney. (DE 674, 5.) Based on the individual invoices provided, the Court finds that total number of hours to be approximately 290 hours.

California counsel to build a defense against Plaintiff's claims; reviewed draft documents and filings to ensure conformity with local rules and practices; and provided various other services. After the case was transferred to this Court, Brooks LLP continued to represent Defendants, although in a lesser capacity in light of the change in venue.

Due to the nature of the case, number of defendants, and services performed, the Court also finds the hourly rates charged by Brooks LLP to be reasonable. Defendants' invoices and Declaration in Support of this Motion sets forth the following: Mr. Williams billed approximately 76.6 hours at a rate of $420 an hour; Mr. O'Brien billed approximately 67.55 hours at a rate of $155-165 an hour; Mr. Morse billed approximately 46.7 hours at a rate of $155.90 an hour; Mr. Duberstein billed approximately 4.2 hours at a rate of $155-165 an hour; and two other attorneys billed approximately a combined 8 hours at rates of $170 and $220.50 an hour.[2] (DE 636, Ex. 6; DE 674, Decl. of J. Williams 1-3.) Brooks LLP's rates are generally less than the rates of Defendants' California counsel who performed similar services. (DE 650, 6.) Therefore, the Court finds that Defendants' hourly rates for Brooks LLP are reasonable.

Plaintiff argues that the Court should deny or reduce the fees requested by Defendants because they are unreasonable. Plaintiff specifically points to the time and labor spent on the case, and contends that Defendants spent a significant amount of time working on wasteful tactics or engaged in excessive staffing. (DE 680, 9-11.) Considering Plaintiff's vexatious litigation strategy, however, the time Defendants spent on the case is fair and reasonable as evidenced by the invoices and supporting declarations. No competent evidence supports Plaintiff's allegations that Defendants engaged in bad faith tactics, spent undue time writing motions, or engaged in excessive staffing. Further, Plaintiff's remaining arguments are supported by insufficient evidence. Thus, the Court finds that the lodestar figure should not be reduced on account of the time Defendants spent on the case.

Accordingly, the Court finds that Defendants are entitled to $79,282 in attorneys' fees incurred for the services of Defendants' North Carolina counsel, Brooks LLP.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion for Attorneys' Fees with respect to services provided by Defendants' North Carolina counsel, Brooks LLP, in the amount of $79,282.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[2] Attorneys (1) Benjamin R. Norman (DE 636, Ex. 6, 305) and (2) David W. Sar (*Id.* at 315.)